LYNCH v. THE SIMMONS HARDWARE COMPANY *et al.*

Assignment for Benefit of Creditors: ASSIGNEE'S SALE OF LAND: TITLE. Where land which was included in an assignment for the benefit of creditors was mortgaged for almost the whole amount of the purchase money, and the assignee sold and quitclaimed it to the mortgagee in satisfaction of the mortgage debt, which was all it was worth, and the court approved the sale, and the insolvents also conveyed to the mortgagee, *held*, in the absence of any claim of bad faith, that the title of the mortgagee was good as against creditors who levied attachments upon the land after the assignment and before the sale, and that whether the deed of assignment was valid or not ; and the title was properly quieted in plaintiff, who purchased from the mortgagee in good faith and for value, as against the claims of such attaching creditors.

*Appeal from Polk District Court.*—HON. MARCUS KAVANAGH, JR., Judge.

FILED, JUNE 4, 1890.

THIS is an action to quiet the title to certain real estate in the plaintiff against certain attachments and judgments held by the defendants against the firm of Lynch Bros., composed of Morris Lynch and James Lynch, Jr. There was a trial upon the merits, and a decree for the plaintiff. Defendants appeal.

*Callender & Smith*, for appellant Simmons Hardware Company.

*Finkbine & McClelland*, for appellants Perry & Co.

*N. B. Raymond*, for appellee.

ROTHROCK, C. J.—It appears from the record that on and before January 7, 1884, Morris Lynch and James Lynch, Jr., were engaged in the retail hardware business under the firm name of Lynch Bros., and on that day they made a general assignment of all their property for the benefit of their creditors. Prior to making the assignment they purchased the property now in controversy from one Heimer. The consideration agreed to be paid for the property, as expressed in the conveyance, was forty-five hundred dollars. There was but one hundred dollars paid on the purchase of said property, and a mortgage was executed by said Morris Lynch and James Lynch, Jr., to secure the balance agreed to be paid for the property. No other or further payments were made, and when the assignment was executed Heimer was the holder of the mortgage. The assignment included all the property of the partnership. It was drawn in proper form, and signed in the firm name of Lynch Bros., and the acknowledgment to the instrument was made by said Morris Lynch for and in behalf of the firm. James Lynch, Jr., has never at any time, so far as appears, made any question that the assignment was valid. On the next day after the assignment was made, the defendants, who were creditors of the partnership, commenced actions on their claims, and levied attachments on the property in controversy. The evidence shows that the one hundred dollars paid by the firm on the purchase was partnership money, and that the purchase was actually made by the firm. This is disputed by appellants, but we do not regard it as material to the determination of the rights of the parties whether it was a partnership transaction or not.

After the assignment was made the assignee proceeded to make a settlement of the affairs of the partnership. He endeavored to make a sale of the property, and the highest offer that could be obtained was the offer of Heimer to take the property for the amount of the mortgage, which amount is named in the report of the assignee at four thousand dollars, and he sold the property to Heimer for that amount, or for the amount necessary to pay the mortgage. There is not one word in the evidence tending to show that the property was worth more than that amount at the time. The only evidence on that question is that the property was not worth more than the mortgage and interest due on it. The assignee made a quitclaim deed to Heimer for the property, and the court approved the sale. The quitclaim deed was made on the sixth day of December, 1884. Some question is made by counsel for appellants as to the validity of this deed. This is wholly immaterial, for the reason that on the same day James Lynch, Jr., and Morris Lynch conveyed the property to Heimer. In consideration of the agreement to buy back the property, Heimer released the mortgage of record. Now, it is apparent that, as the property was not worth more than the amount of the mortgage, there was no margin for any of the creditors to base attachment suits upon. No act of the mortgagors or their creditors could defeat the mortgage lien ; and, if the deed of assignment was informal, it did not affect the rights of Heimer. There is absolutely no evidence that Heimer did not act in perfect good faith in taking back the property in payment of his mortgage. The evidence further shows that afterwards Heimer sold and conveyed the property to the plaintiff. So far as appears, this sale was made in good faith. The plaintiff paid in cash, and secured by mortgage about the amount of the original mortgage. In our opinion the district court properly held that the appellants had no claim or lien upon the property.

AFFIRMED.